FIRE EXTINGUISHER CO. v. MOORESVILLE COTTON MILLS.

(Filed April 28, 1903.)

1. CONTRACTS—*Construction—Written Contracts.*
   Where a writing is attached to a contract and is referred to in the contract, it thereby becomes a part of the contract.

2. CONTRACTS—*Evidence.*
   Where a party has a copy of a contract, with a written agreement thereto, and allows certain work to be performed under the attached agreement, he thereby recognizes the attached writing as a part of the contract.

ACTION by the General Fire Extinguisher Company against the Mooresville Cotton Mills, heard by Judge *Thomas J. Shaw* and a jury, at January Term, 1903, of the Superior Court of MECKLENBURG County. From a judgment of non-suit, the plaintiff appealed.

*Burwell & Cansler,* for the plaintiff.
*Jones & Tillett,* for the defendant.

MONTGOMERY, J. The plaintiff and the defendant entered into a contract in writing in which the plaintiff was to make certain improvements or additions to the mill plant of the defendant. In the body of the contract, the proposal to do the work consisted in the furnishing and erecting by the plaintiff of "a system of improved Grinnell Automatic Sprinklers as described and enumerated in the within specifications." There was also a clause in the contract printed in large capital letters in these words: "It is explicitly understood and agreed that no obligations other than herein set forth and made a part of this proposal and acceptance shall be binding upon either party." It was also agreed that the plaintiff's "price for the work herein specified will be $1,056." It was also further agreed in the last clause of the contract that "Any additional work or apparatus which

may be required, not included in our specifications" (the last five words being in large capital letters) should be supplied by the defendant, or if by the plaintiff at prices to be agreed upon. The contract was in the shape of a general form used by the plaintiff with blanks for price, names of parties, etc. Following the signatures of the parties to the contract, the following writing was appended: "We propose to furnish and instal a complete wet system of Improved Grinnell Sprinklers in main mill, picker room, dust room, engine and boiler room, to be according to the Factory or Mutual Insurance Company, for the sum of $1,056, additional for tank riser, $75. We commence on the inside of the building at the foot of each riser and at the bottom of the tank to be furnished by you. Additional for outside work to connect sprinkler work and leave plugs for extension, Post indicator valves to control risers for the sum of $175." The $1,056 has been paid for the automatic sprinklers.

This action was brought by the plaintiff to recover $250 for the building and erecting by the plaintiff of the tank riser and for outside work to connect sprinkler work, etc. It was admitted by the defendant that the plaintiff had erected the Improved Grinnell Automatic Sprinklers, according to the contract, and also that the plaintiff had constructed the tank riser and had performed the outside work to connect the sprinkler work and leave plugs for extension, post indicator valves to control risers "according to the terms and conditions set out in the contract and specifications attached;" and that all the work had been duly accepted by the defendant. His Honor intimated that he would instruct the jury that if they believed the evidence to answer the issue—is the defendant indebted to the plaintiff, if so, in what amount?—No. The plaintiff took a non-suit and appealed.

We think there was error in the ruling and that the plain-

tiff was entitled to recover under the contract. The contract was in writing and its construction was a matter of law. The writing following the signatures, called in the contract and in the defendant's argument "specifications" and in the plaintiff's brief "addendum," was a part of the contract. It was both a specification, as they concerned the automatic sprinklers, and a part of the contract also, when taken in connection with the additional work referred to in the contract. There was no conflict between any part of the "specifications" or "addendum," and the body of the contract itself. The writing attached to the contract was referred to in the contract, and was therefore a part of it just as fully as if it had been incorporated therein. Beach on Contracts, Sec. 739. That being so, it follows that our view must be that the erection of the tank and the performance of the outside work are provided for in the contract itself by the very words which the defendant contends exclude them. The words, "It is explicitly understood and agreed that no obligations other than herein set forth and made a part of this proposal and acceptance shall be binding upon either party" embrace the tank riser and the outside work, for they are included in the contract as additional work and apparatus. The last clause in the body of the contract, which we have quoted too, embraces the tank riser and the additional work. The work done by the plaintiff other than the erection of the automatic sprinklers did not fall under the specifications as to the sprinklers which required that work to be done "according to the Factory or Mutual Insurance Companies," but under the sections of the contract which refer to additional work or apparatus.

If any evidence *dehors* the contract were necessary or permissible to aid in its interpretation, it is abundantly furnished by the intention of the parties as manifested by that contract. The plaintiff and the defendant each had in pos-

session the contract in duplicate, with the paper writing attached, from the time of its execution, and the defendant knew of and saw the erection of the tank riser and the performance of the outside work as the work was proceeded with and accepted the whole. That conduct on the part of the defendant is clear evidence that the defendant recognized the whole of the writing following the signatures as a part of the contract. The defendant knew what constituted the automatic sprinkler under the contract and it knew that the tank riser and the outside work were separate and distinct matters from the sprinklers. The managers of the defendant company, as we have said, saw these distinct pieces of work being performed by the plaintiff, and they made no objection to the building of the tank riser or to the performance of the outside work, and they received the whole of it when it was finished. "The intention of the parties to any particular transaction may be gathered from their acts and deeds in connection with the surrounding circumstances as well as from their words, and the law, therefore, implies from the silent language of man's conduct and action, contracts and promises as forcible and binding as those that are made by express words or through the medium of written memorial." 1 Addison on Contracts, 23. There was error, for which there must be a new trial.

New Trial.

WALKER, J., having been of counsel did not sit on the hearing of this case.

DOUGLAS, J., concurring in result. I think the paper pasted on to the contract was an *addendum* thereto in the nature of a collateral contract. It was not a part of the original contract, and was not included in the price therein specified. Had it been included the plaintiff would be bound by

the stipulated price. It was attached to both copies of the contract retained respectively by the plaintiff and the defendant, and by its very terms related to additional work for which additional compensation was provided.